**Wayne Edward PRYOR, Petitioner-Appellant,**

v.

**George J. BETO, Director, Respondent-Appellee.**

No. 71–3565
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 1, 1972.

Crawford C. Martin, Atty. Gen. of Tex., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Dunklin Sullivan, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

* ■ Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New

PER CURIAM:

This appeal is taken from the district court's denial of leave to file in forma pauperis the habeas corpus petition of Wayne Edward Pryor, a prisoner of the State of Texas. We vacate the order appealed from, and remand the cause for further proceedings.

Pryor is seeking relief from his conviction in the 34th District Court in El Paso, Texas of armed robbery. The judgment was affirmed on direct appeal. Pryor v. State, Tex.Cr.App.1969, 449 S. W.2d 482.

The appellant's previous federal habeas petition was denied on April 6, 1971 on grounds of failure to exhaust state remedies as required by 28 U.S.C. § 2254. Pryor has alleged that he then proceeded to exhaust his available remedies under Art. 11.07, Vernon's Ann. Tex.C.Cr.P. This he did by filing a petition for habeas corpus in the sentencing court. Acting on the recommendations of that court, the Texas Court of Criminal Appeals denied habeas relief on June 8, 1971. This would constitute exhaustion of Texas state remedies as to any contentions thus presented. See State of Texas v. Payton, 5th Cir. 1968, 390 F.2d 261; Bruce v. Beto, 5th Cir. 1968, 396 F.2d 212; Welch v. Beto, 5th Cir. 1968, 400 F.2d 582.

Thereafter, on July 21, 1971 Pryor sought to file his instant habeas petition in the United States District Court. That court denied leave to file on grounds it was a successive petition involving the same matters. See 28 U.S.C. § 2244.

■ Such a ruling would be proper if the previous adjudication was on the merits of the petition. Here, however, the earlier petition was denied merely on grounds of failure to exhaust state remedies. In this circumstance, a subsequent federal petition following exhaustion of state remedies is not barred. Peters v. Rutledge, 5th Cir. 1968, 397 F.2d 731; Welch v. Beto, supra; Boyer

York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

v. City of Orlando, 5th Cir. 1968, 402 F. 2d 966.

The order appealed from is vacated and the case is remanded to the district court for further proceedings not inconsistent with what has been said herein.

Vacated and remanded.