**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-00226

(Summary Calendar)
_____


IN RE: LYONELL GASERY,

                        Petitioner.

_____

Motion for Authorization to file
a Successive Habeas Corpus Petition with the
United States District Court for the
Southern District of Texas

_____
June 20, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:

Petitioner Lyonell Gasery, a Texas state prisoner, has moved to file a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2244(b).  The district court dismissed Gasery's first habeas petition without prejudice for failure to exhaust state remedies as to certain, but not all, of the claims presented.  *See Rose v. Lundy*, 455 U.S. 509, 520-21, 102 S. Ct. 1198, 1204-05, 71 L. Ed. 2d 379 (1982) (holding that district court should dismiss, without prejudice, habeas petition containing both exhausted and unexhausted claims).  Gasery has since attempted to exhaust his state remedies,[1] and now seeks leave to refile his petition,

_____

  [1]    We offer no opinion as to whether Gasery has in fact exhausted his remedies in state court.  *See Dickinson v. State of Maine*, 101 F.3d 791, 791 n.1 (1st Cir. 1996) (citing *Hatch v. State of Oklahoma*, 92 F.3d 1012, 1016 (10th Cir. 1996), for proposition that exhaustion is not precondition to consideration of motion to file successive petition).

asserting the same claims as before.

Gasery's motion presents an issue of first impression in this circuit))whether a petitioner seeking to refile a habeas corpus petition after prior dismissal without prejudice for failure to exhaust state remedies must comply with the new provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA" or "Act"), Pub. L. 104-132, 110 Stat. 1214 (1996). The AEDPA amends 28 U.S.C. § 2244 to forbid any "second or successive" petition for collateral relief without the consent of the court of appeals, which may be granted only in limited circumstances. 28 U.S.C. § 2244(b)(3).[2]

Section 2244(b) does not define "second or successive" petition. The specific language in the Act is derived from Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, which states that "[a] second or successive petition may be dismissed if . . . it fails to allege new or different grounds for

---

[2] Specifically, the Court of Appeals may authorize a second or successive petition only if the claims presented satisfy § 2244(b)(1) and (2):
  (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
    (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless))
        (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
        (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
28 U.S.C. § 2244(b).

relief and the prior determination was on the merits or, if new and different grounds are alleged, . . . the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." Although the AEDPA's amendment to § 2244 imposes stricter requirements for "second or successive" petitions than the pre-AEDPA "abuse of the writ" standard in Rule 9(b), nothing in the AEDPA affects the determination of what constitutes a "second or successive" petition. *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996).

Prior to passage of the AEDPA, we consistently concluded that petitions that were refiled after dismissal for failure to exhaust state remedies were not "second or successive" petitions for Rule 9(b) purposes. *Woods v. Whitley*, 933 F.2d 321, 322 (5th Cir. 1991) (disregarding prior petition that had been dismissed without prejudice); *Jones v. Estelle*, 722 F.2d 159 (5th Cir. 1983) (en banc) (noting that "[a] petitioner who has both exhausted and unexhausted claims faces no ultimate barrier to the federal prosecution of all his claims [and] can obtain dismissal of his federal writ, completely exhaust his claims, and, if unsuccessful, return to federal court"), *cert. denied*, 466 U.S. 976, 104 S. Ct. 2356, 80 L. Ed. 2d 829 (1984); *cf. Pryor v. Beto*, 460 F.2d 306, 306 (5th Cir. 1972) (holding, prior to adoption of Rule 9(b), that refiling of § 2254 petition that had been dismissed for failure to exhaust state remedies was not barred as "successive"). Moreover, since passage of the AEDPA, the First, Second, Seventh, and Ninth Circuits have concluded that a habeas petition refiled after

-3-

dismissal without prejudice is neither second nor successive. *Benton*, 106 F.3d at 164-65; *In re Turner*, 101 F.3d 1323, 1323 (9th Cir. 1997); *Dickinson v. Maine*, 101 F.3d 791, 791 (1st Cir. 1996); *Camarano v. Irvin*, 98 F.3d 44, 46-48 (2d Cir. 1996). We agree and conclude that Gasery's refiled petition is merely a continuation of his first collateral attack, not a "second or successive" petition within the meaning of § 2244(b). *See Benton*, 106 F.3d at 164 ("The sequence of filing, dismissal, exhaustion in state court, and refiling . . . might generate multiple docket numbers, but it would not be right to characterize it as successive collateral attacks.").

For the foregoing reasons, we DENY Gasery's motion as unnecessary. Gasery may file his petition directly in the district court.