IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-00470
Conference Calendar

_____

IN RE: TONY EPPS,

                                                    Movant.

----------------------

Transfer from the United States District Court
for the Southern District of Texas
USDC No. H-96-2140

----------------------

October 22, 1997

Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

BY THE COURT:

Tony Epps pleaded guilty and was convicted in state court of burglary of a habitation, aggravated assault, and attempted capital murder. He was sentenced to life in prison, and his convictions and sentence were affirmed. Epps did not file a petition for discretionary review. He did, however, file six habeas petitions in state court challenging his convictions. One was not acted upon because a direct appeal was pending. The other five were denied without written order.

Subsequently, Epps filed a habeas petition in federal district court pursuant to 28 U.S.C. § 2254 challenging the same convictions on the basis that trial counsel was ineffective because he failed to investigate the facts, interview witnesses, and inform Epps that

a state witness would be unable to identify him. Respondent, the State of Texas, filed a motion for summary judgment, and the district court denied the habeas application and granted the motion for summary judgment. Epps appealed and the district court recommended denial of a certificate of probable cause (CPC). This court denied a CPC.

Epps then filed another habeas petition pursuant to § 2254. He alleged that trial counsel misled him by erroneously informing him that he could receive probation; insisting that he waive his right to jury trial; and causing him to reject the state's offer of a 45-year sentence in exchange for a guilty plea. He also contended that the trial court abused its discretion at sentencing by admitting evidence that proved elements not charged in the indictment.

The district court has transferred the habeas petition to this court for a determination whether the successive petition should be allowed. *See* 28 U.S.C. §§ 2244(a) and (b)(3)(C). Epps has not filed in this court a motion for authorization to file a successive § 2254 petition in district court. *See* 28 U.S.C. § 2244(b)(3)(A).

Two circuit courts have addressed the procedure to be used when a district court transfers to the court of appeals a successive petition for habeas corpus relief from a state prisoner or a successive § 2255 motion from a federal prisoner. Those circuit courts have directed their clerk's offices to notify the

petitioner that a motion for authorization must be filed with the court of appeals pursuant 28 U.S.C. § 2244(b)(3). The clerk's notice explains the substantive requirements of such a motion and advises the prospective movant that (1) a motion pursuant to § 2244(b)(3) must be filed with the court of appeals within a specified time from the date of the clerk's notice and (2) failure to do so timely will result in the entry of an order denying authorization. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1997).

We find these procedures appropriate and accordingly adopt them. The Clerk of this court is directed to notify Epps (1) that he must file in this court a motion pursuant to § 2244(b)(3) within 30 days from the date of the Clerk's notice, and (2) if he fails to file such a motion within that time, an order will be entered denying authorization. The Clerk shall further notify Epps that, to be successful, his motion must make a prima facie showing that either (1) his claim relies on a new rule of constitutional law that was made retroactive by the Supreme Court and was previously unavailable, or (2) the factual predicate for the claim could not have been discovered previously through due diligence and the underlying facts, if proved by clear and convincing evidence, would be sufficient to establish that a reasonable trier of fact would not have found the applicant guilty of the underlying offense. See

§§ 2244(b)(2) and (b)(3)(C).  Finally, the Clerk shall instruct Epps that the following documents should be attached to and filed with his § 2244(b)(3) motion:

(1) A copy of the proposed § 2254 petition for which he is requesting authorization to file in the district court;

(2) copies of (a) all previous § 2254 petitions challenging the judgment or sentence received in any conviction for which he is currently incarcerated; (b) all previous § 2241 petitions challenging the terms and conditions of his imprisonment; and (c) any complaint, regardless of title, that was subsequently treated by the district court as a § 2254 motion or a § 2241 petition;

(3) all court opinions and orders disposing of the claims advanced in (2), above; and

(4) all magistrate judge's reports and recommendations issued in connection with claims advanced in (2), above.

If, after due diligence and through no fault of his own, Epps is unable to procure any of the documents described above, he should submit, in lieu of such documents, an affidavit describing the steps he has taken in efforts to procure them and explaining why he was unsuccessful.

The thirty-day limit within which this court must address Epps's § 2244(b)(3) motion, *see* § 2244(b)(3)(D), will begin to run

when Epps' response to the Clerk's notice is received.  *See Liriano*, 95 F.3d at 123.