IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-31152
Summary Calendar

_____

RAYMOND ROCHON,

Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-1481

_____

June 4, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Raymond Rochon, Louisiana prisoner #93625, was convicted of aggravated rape and sentenced to life imprisonment on December 7, 1979. On April 12, 1997, Rochon filed an application for writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254 in the Middle District of Louisiana. The district court dismissed the application as successive because Rochon had not received leave of this court to file a successive application.

This court has considered whether an applicant was require to obtain permission to file a second habeas application after his first application was dismissed for failure to exhaust state habeas

_____

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

remedies.  In Re: Gasery, 116 F.3d 1051, 1052 (5th Cir. 1997). This court concluded that a habeas application refiled after a dismissal for failure to exhaust was not a "second or successive" application within the meaning of § 2244(b).  Id. at 1051-52.

In this case, the district court noted that Rochon had filed numerous habeas applications and civil rights actions that were in fact habeas claims.  The district court stated that at least one of those, Rochon v. Blackburn, No. 6:83-1685, was denied on the merits, but stated that it had been dismissed without prejudice. The district court did not include in the record of this appeal pleadings from the case on which it was relying.  By definition, a case that is dismissed without prejudice to another action raising the same issues cannot be an adjudication on the merits.  The record is therefore insufficient for this court to determine whether the district court erred in finding that this subsequent habeas application is successive.  Accordingly, we VACATE the dismissal and REMAND Rochon's application to the district court for additional proceedings.  Rochon's outstanding motions are DENIED.

VACATED and REMANDED; MOTIONS DENIED.