**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 98-20179**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**v.**

**MODESTO RIOS,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court**
**for the Southern District of Texas**
(H-96-CV-1460)

---

August 5, 1999

Before JONES and WIENER, Circuit Judges, and WALTER,[*] District Judge.

PER CURIAM:[**]

Modesto Rios petitions this court for habeas relief pursuant to 28 U.S.C. § 2255. Finding no error, we affirm the district court's grant of summary judgment in the government's favor.

## I. CONVICTION

Rios was charged with aiding and abetting the possession with intent to distribute more than five kilograms of cocaine, conspiracy to possess with intent to distribute more than five

---

[*] District Judge of the Western District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

kilograms of cocaine, and aiding and abetting the commission of money laundering. At trial, Rios moved to suppress certain evidence seized when the police entered and searched the Hillcroft apartment in Houston during the course of the underlying criminal investigation. When the district court denied his motion to suppress, Rios entered a conditional guilty plea to the conspiracy and money laundering counts. Under the plea agreement, Rios preserved the right to appeal the denial of his motion to suppress.

Initially, Rios failed to file a timely notice of appeal. Although the district court granted an extension of time to perfect direct appeal, this court reversed the district court's extension, noting that 28 U.S.C. § 2255 provided the sole basis for Rios's relief.

## II. HABEAS HISTORY

On April 15, 1991, Rios filed a motion under § 2255, and the district court granted relief in the form of an out-of-time appeal and dismissed the § 2255 motion. In his out-of-time appeal, Rios challenged the police search of the apartment for lack of probable cause. Rios's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967), informing the court that its decision in United States v. Naboyan, 917 F.2d 562 (5th Cir. 1990) (table), controlled the case. Naboyan was Rios's co-conspirator and had argued unsuccessfully in his direct appeal that no probable cause existed for the issuance of the warrant to search the Hillcroft apartment. This court dismissed Rios's appeal.

On May 8, 1996, Rios filed another habeas petition in the district court. Under In re Gasery, 116 F.3d 1051, 1052 (5th Cir. 1997), this petition constituted Rios's first petition for habeas relief. On November 25, 1997, the district court dismissed Rios's claims, granting the government's motion for summary judgment. On December 5, 1997, Rios placed his motion for reconsideration in the prison mail system.[1] This timely mailing suspended the time within which Rios was required to file his notice of appeal. See Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998) (citing Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988)).

Following the district court's denial of reconsideration, Rios timely appealed to this court. This court granted a certificate of appealability ("COA") to address Rios's ineffective assistance of counsel claim, based on counsel's failure to object at the suppression hearing to evidence seized allegedly in violation of the Fourth Amendment's and 18 U.S.C. § 3901's "knock and announce" rule. See Wilson v. Arkansas, 514 U.S. 927, 934, 115 S. Ct. 1914, 1918 (1995).

### III. ANALYSIS

Because Rios's appeal was filed timely, we review the district court's grant of summary judgment de novo, applying the same standards as the district court. See United States v. Kimler, 167 F.3d 889, 892 (5th Cir. 1999). Under the Antiterrorism and

---

[1] Even under the government's theory that Rios placed his motion in the mail on December 8, 1997, his motion was timely filed. From November 25, 1997, excluding intermediate holidays (Thanksgiving, November 26, 1997) and weekends, Rios had until December 10, 1997 to file a timely motion for reconsideration under Fed. R. Civ. P. 59(e). See Fed. R. Civ. P. 6(a).

Effective Death Penalty Act ("AEDPA"), our review is limited to issues for which a COA has been granted. <u>See</u> 28 U.S.C. § 2253.[2] Accordingly, we review only Rios's argument that his counsel's assistance was ineffective based on his failure to object to the admission of evidence seized in alleged violation of the Fourth Amendment's and § 3901's "knock and announce" rule.

A claim of ineffective assistance of counsel is governed by <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052 (1984). To prevail on an ineffective assistance claim, a petitioner must show both deficient performance by counsel and prejudice to the defense as a result of the deficient performance. <u>See</u> <u>id.</u> at 687, 104 S. Ct. at 2064. Counsel's performance is deficient if it falls below an objective standard of reasonableness. <u>See</u> <u>id.</u> at 688, 104 S. Ct. at 2064. Our review of counsel's performance is highly deferential, with a strong presumption that the performance was reasonable. <u>See</u> <u>id.</u> at 689, 104 S. Ct. at 2065. Deficient performance is prejudicial only upon a showing that but for counsel's errors, there is a reasonable probability that the ultimate result would have been different and that confidence in the reliability of the verdict is undermined. <u>See</u> <u>United States v. Faubion</u>, 19 F.3d 226, 228 (5th Cir. 1994). The effectiveness of counsel is a mixed question of law and fact reviewed <u>de</u> <u>novo</u> by

---

[2] Although Rios's petition for habeas relief was signed on April 23, 1996, one day before AEDPA's effective date, Rios has presented no evidence that the petition was placed in the prison mailing system prior to April 24, 1996. Lacking such evidence, Rios's petition is subject to AEDPA's COA requirement as the petition was filed in the district court on May 8, 1996.

this court.  See Moody v. Johnson, 139 F.3d 477, 483 (5th Cir. 1998).

Counsel's failure to object to the admission of the evidence seized from the apartment on Hillcroft did not prejudice Rios's defense.  First, in his capacity as a social guest, Rios had no legitimate expectation of privacy in the Hillcroft apartment. See Minnesota v. Carter, ___ U.S. ___, ___, 119 S. Ct. 469, 472-74 (1998).  Though Rios now claims that the Hillcroft apartment was his residence and the district court apparently so found at the suppression hearing, Rios subsequently admitted in his presentence report that he did not actually reside at the Hillcroft apartment and that he had only been at the apartment ten minutes before the officers executed the search warrant.  Cf. id.  Second, even if Rios had an expectation of privacy, he has offered no evidence tending to establish that the officers who executed the search warrant actually violated the "knock and announce" rule.  The only support for his claim is the suppression hearing testimony of Naboyan who testified, (1) that the officers had a warrant when they entered the apartment, (2) that he did not give the officers permission to enter, and (3) that, without permission, the officers effected a forcible entry.  There is no evidence in Naboyan's testimony and, most importantly, Rios offers no other evidence to support a finding that the "knock and announce" rule was actually violated.  See United States v. Moser, 123 F.3d 813, 824 (5th Cir. 1997) (placing burden on proponent to show that unannounced entry actually occurred).  While counsel's failure to elicit "knock and

announce" testimony during the suppression hearing may have constituted deficient performance, absent some evidentiary showing regarding the potential prejudice of counsel's error, beyond Rios's conjecture, no habeas relief is available. By resting on his pleadings, Rios has failed to submit sufficient evidence to avoid summary judgment.

**AFFIRMED.**