IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51092
Summary Calendar

_____

MANUEL GOMEZ HERNANDEZ,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-98-CV-1
--------------------
March 22, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Manuel Gomez Hernandez (TDCJ # 539907) was granted a certificate of appealability (COA) to appeal the district court's sua sponte dismissal of his habeas corpus petition as procedurally barred. Although the Respondent had argued in the district court that Hernandez's petition was successive within the meaning of 28 U.S.C. § 2244(b), the district court relied on our holding in In re Gasery, 116 F.3d 1051, 1052 (5th Cir. 1997), and determined that the petition was not successive because

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hernandez's prior petition had been dismissed without prejudice for failure to exhaust state-court remedies. The Respondent argues that because the district court's conclusion was in error, this court lacks jurisdiction over the present cause.

We reject the Respondent's argument because it ignores the fact that this court remanded to the district court an unexhausted claim so that it could either be dismissed as unexhausted or addressed on the merits. Thus, when the district court subsequently dismissed the petition for failure to exhaust, it was in the same procedural posture as that in <u>Gasery</u>, 116 F.3d at 1052.

Proceeding to the merits, Hernandez argues that the district court erred by dismissing his petition as procedurally barred. Our <u>de novo</u> review of the dismissal reveals no reversible error by the district court. <u>See</u> <u>Magouirk v. Phillips</u>, 144 F.3d 348, 359 (5th Cir. 1998); <u>Fearance v. Scott</u>, 56 F.3d 633, 637 (5th Cir. 1995).

AFFIRMED.