IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31425
Summary Calendar
_____

PETER MULE,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-1924
- - - - - - - - - -
April 26, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:*

Peter Mule, Louisiana prisoner #73082, appeals the district court's denial of his motion to consolidate the instant habeas petition with a previously filed and dismissed habeas petition. He also seeks to expand the court's certificate of appealability (COA) to include the issues on which the district court denied relief and did not grant him a COA. See United States v. Kimler, 150 F.3d 429, 430-31 (5th Cir. 1998).

Mule seeks expansion of his COA to include the issue whether his due process rights were violated by the state's alleged

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

withholding of exculpatory evidence and alleged use of perjured testimony. Mule's arguments that the state withheld (1) the name of the owner of the gun that killed Mr. Corso, (2) the signed confession of Donald Eugene Smith attesting to the murder of a man he later identified, who was not Mr. Corso, and (3) police reports containing slightly differing information, is unavailing as he fails to show how he would have benefitted from disclosure of the allegedly exculpatory items. See Brady v. Maryland, 373 U.S. 83, 87 (1963); Spence v. Johnson, 80 F.3d 989, 994 (5th Cir. 1996).

Mule argues that the state violated Giglio v. United States, 405 U.S. 150 (1972), when it disclosed at trial that a coconspirator, James Knight, was being released from custody and given total immunity, but did not disclose that Knight would also receive $10,000 in exchange for his testimony. The disclosure of Knight's release and immunity were ample for impugning his credibility. The additional information regarding the $10,000 payment was simply cumulative. Mule has not made a substantial showing of the denial of a constitutional right with regard to his Giglio claim. § 2253(c)(2).

The remainder of Mule's arguments alleging Brady violations are inadequately briefed. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

The district court granted COA on the issue whether Mule's argument that blacks and women were systematically excluded from the jury venire was improperly raised in his motion to

consolidate, thereby justifying the court's summary dismissal of the motion to consolidate. The motion to consolidate arose as a result of Mule's initial filing of a § 2254 petition which was dismissed without prejudice for failure to exhaust two of the ten claims. Mule contends that he returned to state court and exhausted those two claims, then refiled them in the instant § 2254 petition. Mule alleges that he then filed a motion to consolidate the instant petition with his previously filed (and dismissed) petition, but that the motion was never ruled upon. In that motion to consolidate, Mule apparently raised the issue regarding underrepresentation of blacks and women in the jury venire.

Mule argues that the district court erroneously concluded that there was nothing to consolidate because the first petition had been dismissed prior to the filing of the instant petition. Mule argues that his motion to consolidate should have been considered a motion to amend or reopen, and that the court should have granted it because failure to do so might result in a court considering as successive a subsequent petition raising claims not ruled upon by the federal courts. See In re Gasery, 116 F.3d 1051 (5th Cir. 1997)). It is unclear, however, whether Mule raised his unexhausted claims in the instant petition, as he does not identify which were the unexhausted claims. As for the issue on which the district court granted COA, i.e., whether the jury venire issue was improperly raised in the motion to consolidate, thereby justifying its summary dismissal, the court should have considered the motion one to amend Mule's 28 U.S.C. § 2254

petition, as there was no longer anything to consolidate due to dismissal without prejudice of Mule's earlier petition containing the unexhausted claims.  See, e.g., Ganther v. Ingle, 75 F.3d 207, 211-12 (5th Cir. 1996).  However, it is unnecessary to rule on the propriety of the consolidation ruling at that stage of the proceedings because, even if properly raised in the motion to amend/consolidate and treated as a motion to amend, the motion could have been denied based on futility.  Leffall v. Dallas Ind. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994).

Mule does not challenge the state court's findings on the jury venire issues, and his arguments do not address those findings.  See State v. Nix, 327 So. 2d 301, 322-23 (La. 1975). He has therefore failed to show that the state court adjudication of his jury venire claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d).

The district court did not err in denying Mule's motion to consolidate.  It's judgment denying habeas relief is therefore AFFIRMED.

Mule's motion to expand his COA is DENIED.