United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30487
Summary Calendar

_____

LIONEL CUREAUX, SR.,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-1048-R
--------------------

Before KING, Chief Judge, JOLLY, and CLEMENT, Circuit Judges

PER CURIAM:[*]

Lionel Cureaux, Sr., a federal prisoner (# 23888-034),

appeals from the district court's denial of his "Motion to Take

Judicial Notice," which the court construed as a FED. R. CIV.

P. 60(b) motion for relief from judgment.  Previously, the

district court had treated Cureaux's "Petition for Declaratory

and Injunctive Relief" as a second or successive 28 U.S.C. § 2255

motion to vacate his conviction and sentence, and it had

transferred the case to this court to permit Cureaux to seek

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

authorization to file it in the district court. See In re Epps, 127 F.3d 364, 365 (5th Cir. 1997).

Cureaux argues that the district court had no legal authority to "transmogrify" his "Petition for Declaratory and Injunctive Relief" into a 28 U.S.C. § 2255 motion. Cureaux does not explicitly challenge the district court's treatment of his postjudgment "Motion to Take Judicial Notice" as a Rule 60(b) motion or its denial of that motion. A Rule 60(b) motion is not a substitute for appeal of the underlying judgment, see Travelers Ins. Co. v. Liljeberg Enter., Inc., 38 F.3d 1404, 1408 (5th Cir. 1994), and must be based on one of six grounds cited in the rule, such as mistake, newly discovered evidence, or fraud. See Rule 60(b). Cureaux's failure to identify an error in the district's court analysis of his postjudgment motion is the same as if he had not appealed the judgment. See Brinkmann v. Dallas County Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). In any event, nothing in Cureaux's appellate brief or our review of the record reflects that the district court erred in construing Cureaux's postjudgment motion as a Rule 60(b) motion or that it abused its discretion in denying such motion. See Travelers Ins. Co., 38 F.3d at 1408. The judgment of the district court is AFFIRMED.

Cureaux is hereby WARNED that any further repetitious or frivolous attempts to circumvent statutory restrictions on filing second or successive 28 U.S.C. § 2255 motions to vacate may result in the imposition of sanctions against him. These

sanctions may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

AFFIRMED; SANCTION WARNING ISSUED.