United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41129
Summary Calendar

MARCOS GONZALEZ,

Petitioner-Appellant,

versus

STEVE MORRIS, Warden

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CV-339

Before GARWOOD, CLEMENT and PRADO, Circuit Judges.

PER CURIAM:*

Marcos Gonzalez, federal prisoner # 65613-079, appeals the
district court's denial of his 28 U.S.C. § 2241 habeas petition.
Gonzalez was convicted and sentenced in the Southern District of
Texas in 1995 for possession of cocaine with intent to distribute
and for attempting to conduct a financial transaction with the
proceeds of an unlawful activity. Gonzalez challenges the

---

*Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutionality of his conviction and sentence in light of *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

The errors asserted by Gonzalez may not be raised in a section 2241 petition unless they arise under the savings clause of 28 U.S.C. § 2255. *See Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005). Because Gonzalez's claim is not based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, *see Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001), the district court properly dismissed his section 2241 petition. *See Padilla*, 416 F.3d at 427.

Alternatively, Gonzalez seeks authorization to file a successive section 2255 motion. The district court did not transfer this case to this court for a determination whether a successive section 2255 motion should be allowed. *See In re Epps*, 127 F.3d 364, 364-65 (5th Cir. 1997). We decline to construe Gonzalez's appeal from the dismissal of his section 2241 petition in the alternative as a motion for authorization to file a successive section 2255 application.

Finally, Gonzalez argues that the denial of relief would amount to an unconstitutional suspension of habeas corpus, as prohibited by U.S. CONST. art. I, § 9, cl. 2. We have previously rejected that argument. *See Wesson v. U.S. Penitentiary Beaumont,*

*Tx*, 305 F.3d 343, 346-47 (5th Cir. 2002).

The district court's judgment is

AFFIRMED.