**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

Charles R. Fulbruge III
Clerk

No. 07-40844
Conference Calendar

LUIS GONZALEZ

Petitioner-Appellant

v.

UNITED STATES OF AMERICA

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CV-445

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Luis Gonzalez, federal prisoner # 04434-078, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, which he filed to challenge his conviction of possession of cocaine with intent to distribute. Gonzalez argues that the district court erred under *Castro v. United States*, 540 U.S. 375, 383 (2003), in recharacterizing his petition, which asserted a violation of the Speedy Trial Act, as a successive 28 U.S.C. § 2255 motion. Gonzalez's reliance on *Castro*

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is misplaced. Because this was not Gonzalez's first § 2255 motion, the warning required by *Castro* was unnecessary. *See id.*

Under the savings clause of § 2255(e), a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). To do so, the petitioner must show that (1) his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense," and (2) his claims were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Gonzalez has failed to show that his claim of a violation of the Speedy Trial Act satisfies the test for the savings clause. *See id.*

The judgment of the district court is AFFIRMED.