# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11404

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID HILL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-4456
USDC No. 3:03-CR-159-2

Before JOLLY, DENNIS, and PRADO, Circuit Judge.

PER CURIAM:[*]

A jury found David Hill, federal prisoner # 30777-177, guilty of conspiracy to manufacture and possess with the intent to distribute methamphetamine. He was sentenced to 360 months of imprisonment and five years of supervised release. The district court denied Hill's initial 28 U.S.C. § 2255 motion. Hill filed a subsequent § 2255 motion challenging his methamphetamine conviction, which the district court transferred to this court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11404

as an unauthorized successive § 2255 motion.  *See* 28 U.S.C. § 2255(h); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Hill requests a certificate of appealability (COA) so that he may challenge the district court's order transferring his § 2255 motion to this court. He argues that the § 2255 remedy is ineffective and the district court's transfer to this court was unnecessary.  He contends, inter alia, that he should have been permitted to proceed under "new law" set forth in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013).

A transfer order to cure want of jurisdiction, made pursuant to 28 U.S.C. § 1631, is not a "final order" as set forth in 28 U.S.C. § 2253(c)(1)(B).  *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015), *petition for cert. filed* (July 21, 2015) (No.15-6348).  Thus, "the appeal of such an order does not require a COA." *Fulton*, 780 F.3d at 688.  We therefore deny Hill's motion for a COA as unnecessary.

Additionally, although *Alleyne* and *Perkins* were both decided in 2013, after the district court denied Hill's initial § 2255 motion, the timing of those decisions alone does not render the instant motion non-successive.  *See Fulton*, 780 F.3d at 685.  The underlying defects about which Hill complains, including his claim of actual innocence, are sentencing challenges and challenges to the effectiveness of his trial counsel.  As these alleged defects and the facts necessary to support the claims were known to Hill at trial and sentencing and prior to when he filed his initial § 2255 motion, the instant motion is successive, regardless of the date of the Supreme Court decisions upon which Hill relies.  *See Leal Garcia v. Quarterman*, 573 F.3d 214, 221-24 (5th Cir. 2009); *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003).  Thus, the district court properly concluded that Hill's § 2255 motion was an unauthorized

No. 13-11404

successive § 2255 motion and properly transferred the motion to this court.  *See*
§ 2255(h); *Epps*, 127 F.3d at 365.

MOTION   FOR   COA   DENIED   AS   UNNECESSARY;   TRANSFER
ORDER AFFIRMED.