# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10571

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2015

Lyle W. Cayce
Clerk

PATRICK BOUVIA KIMBLE,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-1115

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Patrick Bouvia Kimble, Texas prisoner # 712624, brought this case under 28 U.S.C. § 2254 to challenge his Texas murder conviction. The district court concluded that the application was a successive one and transferred it to this court so that Kimble might seek authorization to proceed. *See* 28 U.S.C. § 2244(b)(3)(A); *In re Epps*, 127 F.3d 364, 364-65 (5th Cir. 1997). The district court denied a certificate of appealability (COA). Kimble filed a timely notice

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of appeal and moved for a COA from this court.  In a separate proceeding, a panel of this court concluded that Kimble's proposed § 2254 application was indeed successive and denied Kimble authorization to file it.  *In re Kimble*, 14-10526.[1]

Implicitly agreeing that his proposed § 2254 application is a successive one, Kimble has abandoned any challenge to the district court's transfer order. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  We conclude that the district court "did not err by transferring the [application] for lack of jurisdiction." *Fulton*, 783 F.3d at 686.  We therefore DENY Kimble's motion for a COA as unnecessary and AFFIRM the district court's transfer order.

---

[1] The authorization case proceeded separately from the present case because it was decided before our direction that, to the extent practicable, appeals from transfer orders should be consolidated with proceedings by the same applicant seeking authorization for filing a successive habeas petition. *United States v. Fulton*, 780 F.3d 683, 688 (5th Cir.), *cert. denied*, 2015 U.S. LEXIS 6835 (U.S. Nov. 2, 2015)(15-6348)