# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10652
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUSSAIN KAMAL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-159-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Hussain Kamal was convicted of (1) attempted enticement of a minor and (2) travel with intent to engage in a sexual act with a minor. He was sentenced to concurrent terms of imprisonment of 235 months and to a period of supervised release of life. He filed a motion in the district court, invoking FED. R. CRIM. P. 35. The district court construed the motion as an unauthorized successive motion under 28 U.S.C. § 2255 and transferred it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to this court pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Kamal has appealed the transfer order.

Citing *Castro v. United States*, 540 U.S. 375, 382 (2003), Kamal contends that the district court erred in construing his motion as a second or successive § 2255 motion without providing him with notice. Kamal complains that the construction of his motion as a successive § 2255 motion made his filing futile, and that the court's method of disposing of the case was designed to remove the case from its docket with a "minimum of effort" and did not serve the interests of justice. Kamal contends that the district court should have liberally construed his motion as requesting relief under 28 U.S.C § 2241.

We note initially that the issue raised in Kamal's Rule 35 motion was raised in his first § 2255 motion and was decided in the merits. Kamal had already filed his first § 2255 motion, so the district court did not err in failing to provide him with notice before construing the Rule 35 motion as a second or successive § 2255 motion. *See Castro*, 540 U.S. at 382; *Gonzalez v. United States*, 310 F. App'x 655, 656 (5th Cir. 2009). The fact that the district court's method of disposing of the case was expedient does not make it erroneous. Kamal's assertion in his brief that he should have been permitted to proceed under § 2241 is expressed in a single conclusional sentence and is unsupported by legal authority. Accordingly, the issue is not briefed sufficiently and has been waived. *See United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000). Kamal has not borne his burden of showing that the § 2255 remedy is inadequate or ineffective. *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Because this appeal is frivolous, it is DISMISSED. We warn Kamal that frivolous, repetitive, or otherwise abusive filings will invite the imposition of

No. 15-10652

sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.  To avoid the imposition of sanctions, Kamal should review any pending appeals and actions and move to dismiss any that are frivolous.