# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60221
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 13, 2018

Lyle W. Cayce
Clerk

JAMES WALTER CREEL,

Petitioner–Appellant,

v.

JAQUELYN BANKS, Superintendent, Southern Mississippi Correctional
Institution; EDDIE H. BOWEN,

Respondents–Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:17-CV-29

Before SMITH, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

James Walter Creel, Mississippi prisoner # 33420, was convicted in 1994
of escaping custody while under indictment for burglary and was sentenced to
life imprisonment without parole as a habitual offender. In 2017, Creel filed
his fourth 28 U.S.C. § 2254 petition challenging that judgment. Construing the
petition as successive, the district court ordered it transferred to this court,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-60221

which denied Creel authorization to proceed on his successive claims. *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); 28 U.S.C. § 2244(b)(2), (b)(3)(C). Creel now appeals the district court's transfer order and moves for leave to proceed in forma pauperis (IFP) in this court.

Creel avers that his present § 2254 proceedings are not successive because his first habeas petition, in 1998, was dismissed without prejudice for lack of exhaustion; his second petition, in 2000, was withdrawn prior to ruling; and, contrary to the district court's finding, he did not file a third-in-time habeas petition in 2004. *See In re Gasery*, 116 F.3d 1051, 1052 (5th Cir. 1997) (holding that a second-in-time § 2254 petition is not successive if the first petition was dismissed without prejudice for failure to exhaust). Creel's assertions regarding his 1998 and 2004 petitions are patently false. His 1998 petition was dismissed as both procedurally barred and time barred, which rendered any subsequently filed habeas petition successive. *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009). And the district court's records clearly reflect a 2004 habeas petition filed by James Walter Creel, Mississippi prisoner # 33420, that was dismissed with prejudice. Consequently, there is no merit to Creel's claim that his 2017 habeas petition is not successive, and his appeal of the district court's transfer order is thus wholly frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Creel's motion to proceed IFP on appeal is DENIED. Because the merits of his appeal "are so intertwined with the certification decision as to constitute the same issue," the appeal is DISMISSED AS FRIVOLOUS. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. Creel is further WARNED, as he has been twice before, that future frivolous, repetitive, or otherwise abusive filings will invite the imposition of additional sanctions, which may include dismissal, monetary sanctions, and restrictions on his

No. 17-60221

ability to file pleadings in this court and any court subject to this court's jurisdiction.