IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 20-30127

————————————

In re:  LARRY SHARP,

Movant.

A True Copy
Certified order issued Aug 12, 2020

*Tyle W. Cayce*

Clerk, U.S. Court of Appeals, Fifth Circuit

————————————

Motion for an order authorizing
the United States District Court for the
Western District of Louisiana to consider
a successive 28 U.S.C. § 2254 application

————————————

Before HIGGINBOTHAM, SMITH, and OLDHAM, Circuit Judges.

PER CURIAM:

Larry Sharp, Louisiana prisoner # 443025, was found guilty of second-degree murder by a jury in an 11-to-1 verdict. *See State v. Sharp*, 810 So. 2d 1179, 1183 (La. Ct. App. 2002). He received a mandatory sentence of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. *See id.* On direct appeal, he argued, *inter alia*, that state law allowing for a non-unanimous 10-to-2 jury verdict for second-degree murder violated his right to due process. *See id.* at 1193–94. The Louisiana Court of Appeal affirmed Sharp's conviction. *Id.* at 1193–94, 1196. The Louisiana Supreme Court denied his petition for review. *State v. Sharp*, 845 So. 2d 1081 (La. 2003) (mem.).

In 2008, proceeding pro se, Sharp filed a petition for federal habeas relief under 28 U.S.C. § 2254. In addition to a host of other contentions, Sharp argued that state law allowing non-unanimous jury verdicts violates the

Fourteenth Amendment's Due Process Clause. The district court denied the petition. In June 2012, this court denied Sharp's application for a certificate of appealability.

Seven years later in June 2019, Sharp filed a pro se Federal Rule of Civil Procedure 60(b) motion to reopen his federal habeas proceedings in light of the Supreme Court's grant of certiorari in *Ramos v. Louisiana*, 139 S. Ct. 1318 (2019) (mem.). In February 2020, the district court determined that the motion was an unauthorized successive § 2254 application and transferred it to this court. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Subsequently, in April 2020, the Supreme Court ruled in *Ramos v. Louisiana*, 140 S. Ct. 1390, 1394, 1397 (2020), that the Sixth Amendment, as incorporated against the states in the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense. Sharp has since moved for this court's authorization to file a second or successive federal habeas petition.

A prisoner cannot file a second or successive federal habeas petition without first getting permission under 28 U.S.C. § 2244. Section 2244(b)(1) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." It appears that Sharp is attempting to raise the same claim—that non-unanimous jury verdicts cannot constitutionally support criminal convictions—that he previously raised in 2008. *See Brannigan v. United States*, 249 F.3d 584, 588 (7th Cir. 2001) (explaining that "new legal arguments about the same events do not amount to a new claim"). Any attempt to do so is strictly barred by § 2244(b)(1), which admits of no exceptions.

But even if we assume that Sharp's current claim is different from the one he raised twelve years ago, it remains barred by § 2244(b)(2). That

2

statutory provision requires Sharp to show that his claims rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Even if we further assume that *Ramos* constitutes a "new rule of constitutional law," the Supreme Court plainly has not made it retroactive to cases on collateral review.

The various opinions in *Ramos* make that much clear. Writing for four Justices, Justice Gorsuch noted that "[w]hether the right to jury unanimity applies to cases on collateral review is a question for a future case." *Ramos*, 140 S. Ct. at 1407 (plurality op.). Justice Kavanaugh's separate writing discussed considerations that would inform that future case and thus also shows *Ramos* has not yet been made retroactive. *Cf. id.* at 1420 (Kavanaugh, J., concurring in part) ("So assuming that the Court faithfully applies *Teague*, today's decision will not apply retroactively on federal habeas corpus review and will not disturb convictions that are final." (citing *Teague v. Lane*, 489 U.S. 288 (1989) (plurality op.))). Justice Alito, joined by the Chief Justice and Justice Kagan, also noted that "the retroactivity question" remained unresolved. *Id.* at 1438 (Alito, J., dissenting). So, although the Justices disagreed on much in *Ramos*, at least eight agreed that *Ramos* has not yet been "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2244(b)(2). The Court's subsequent decision to grant certiorari on the question of *Ramos*'s retroactivity reinforces the same conclusion. *See Edwards v. Vannoy*, 19-5807, 2020 WL 2105209, at *1 (U.S. May 4, 2020) (mem.) (granting certiorari on the question of "[w]hether this Court's decision in *Ramos v. Louisiana* applies retroactively to case on federal collateral review" (citation omitted)).

IT IS THEREFORE ORDERED that Sharp's motion for authorization to file a successive habeas corpus petition is DENIED.