# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 7, 2013

No. 13-30058

Lyle W. Cayce
Clerk

In re: CHRISTOPHER SEPULVADO,

Movant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 13-70004

CHRISTOPHER SEPULVADO,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

Appeals from the United States District Court
for the Western District of Louisiana

No. 13-30058 c/w No. 13-70004

Before STEWART, Chief Judge, SMITH and SOUTHWICK, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Christopher Sepulvado is scheduled to be executed February 13, 2013. He appeals an order transferring his second-in-time petition for writ of habeas corpus, amended motion to appoint counsel, and motion to stay his execution. He also requests a certificate of appealability ("COA").[1] We affirm the order of transfer, dismiss the habeas petition and amended motion to appoint counsel, deny the motion for stay of execution, and dismiss the request for a COA. We also direct the clerk to notify Sepulvado that, should he wish to file a successive petition for writ of habeas corpus, a motion for authorization must be filed with this court pursuant to 28 U.S.C. § 2244(b)(3).

I.

In 1993, Sepulvado was convicted and sentenced to death for the first-degree murder of his six-year-old stepson. His conviction and sentence were affirmed. *State v. Sepulvado*, 672 So. 2d 158 (La.), *cert. denied*, 519 U.S. 934, (1996). Sepulvado sought post-conviction relief in state and federal court. The federal district court denied habeas relief, *Sepulvado v. Cain*, No. 00–596 (W.D. La. Aug. 9, 2002), and denied Sepulvado's application for a COA. In a detailed opinion setting out the facts and proceedings, we denied Sepulvado's request for a COA on six issues. *Sepulvado v. Cain*, 58 F. App'x 595, 2003 WL 261769 (5th Cir.) (unpublished), *cert. denied*, 540 U.S. 842 (2003).

Nearly a decade later, Sepulvado filed a second-in-time federal habeas petition pursuant to 28 U.S.C. § 2241. The district court deemed the petition

---

[1] Sepulvado's motion to intervene in a separate case challenging Louisiana's execution protocol, pending in the United States District Court for the Middle District of Louisiana, is not before us.

No. 13-30058 c/w No. 13-70004

"successive" and thus barred by 28 U.S.C. § 2244(b)(3)(A), which requires an applicant seeking to file a second or successive petition "to move in the appropriate court of appeals for an order authorizing the district court." Believing it lacked jurisdiction to consider Sepulvado's motions, the district court transferred them to us "to determine whether he is authorized to file the instant petition." *See* 28 U.S.C. § 1631. Sepulvado appealed the transfer order and filed a brief "in Support of Application for a Certificate of Appealability and Stay of Execution."

## II.

We first address, *sua sponte*, our appellate jurisdiction to hear this case, which comes to us as an appeal from the district court's transfer order.[2] "[A]s the transferee court, we have before us both the appeal from the transfer order and [a habeas] motion,"[3] along with Sepulvado's other related motions. Although in *Bradford* the petitioner was a federal prisoner who filed his habeas motion under 28 U.S.C. § 2255, and Sepulvado is a state prisoner who made his application pursuant to § 2241, that distinction does not affect our analysis. As in *Bradford*, "the appeal of the transfer order: (1) will conclusively determine the correctness of the transfer; (2) is separate from the merits of the [habeas] motion; and (3) is effectively unreviewable if the appeal is dismissed." *Id*. We conclude, therefore, that we have jurisdiction over both the district court's order and the motions it transferred thereby. *Id*.

## III.

In concluding that it lacked jurisdiction to consider Sepulvado's second-in-

---

[2] *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir.1987) ("This Court must examine the basis of its jurisdiction, on its own motion, if necessary."); *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010) ("We have jurisdiction to determine our own jurisdiction.").

[3] *In re Bradford*, 660 F.3d 226, 229 (5th Cir. 2011) (per curiam)

time habeas petition, the district court relied on § 2244(b), which sharply limits the federal courts' consideration of "second or successive" habeas applications. The district court determined that

> before this petition can be considered on the merits by this Court, Petitioner must obtain authorization from the United States Fifth Circuit Court of Appeals, in accordance with 29 U.S.C. § 2244(b)(3), by making a prima facie showing to the appellate court that his petition may be considered under the requirements set forth in 28 U.S.C. § 2244(b)(2).  Until such time as Petitioner obtains said authorization, this Court is without jurisdiction to proceed on the petition or the ancillary motions.

"The question of whether the district court lacked jurisdiction over [a] second-in-time federal habeas petition depends on whether [the] petition is a 'second or successive' petition within the meaning of 28 U.S.C. § 2244." *Adams v. Thaler*, 679 F.3d 312, 321 (5th Cir. 2012).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), however,

> does not define "second or successive."  The Supreme Court has stated that the term "takes its full meaning from [the Court's] case law, including decisions predating the enactment of [AEDPA]." *Panetti v. Quarterman*, 551 U.S. 930, 943–44 . . . (2007).  "The Court has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application."  *Id.* at 944 . . . .  For instance, in *Slack v. McDaniel*, 529 U.S. 473 . . ., the Court concluded that "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." *Id.* at 485–86 . . . ; *see also Panetti*, 551 U.S. at 944–46 . . . (holding that "a § 2254 application raising a *Ford [v. Wainwright]*-based[4] incompetency claim filed as soon as that claim is ripe" is not a successive petition); *Stewart v. Martinez–Villareal*, 523 U.S. 637, 643–45 . . . (1998) (holding that a second-in-time federal habeas petition is not "successive" when it only raises a *Ford* claim that was previously dismissed

[4] 477 U.S. 399 (1986).

as premature).

*Id.* Although "[a] prisoner's application is not second or successive simply because it follows an earlier federal petition," *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998), it is the well-settled law of this circuit that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ," *id.*[5]

> According to Sepulvado's brief, his second-in-time habeas petition alleges
>
> that his [state] post-conviction counsel—who was also his federal habeas counsel—was ineffective for failing to investigate and present the following claims in state or federal court: (1) petitioner was deprived of his right to conflict[-]free trial counsel and this, in turn, excused the default of his meritorious *Campbell* claim; (2) the jury was not fair and impartial because it was exposed to extraneous and prejudicial influences; and, (3) trial counsel was ineffective for failing to raise the juror misconduct claim in a post-trial motion.

Sepulvado urges that his instant claims—brought a full decade after we denied a COA for claims raised in his first habeas petition—were not ripe before *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

To the extent that Sepulvado relies on a supposed constitutional right to the effective assistance of post-conviction counsel, he misapprehends the holding and import of *Martinez*, which did not alter our rule that "the Sixth Amendment does not apply in habeas proceedings."[6] "Because appointment of counsel on state habeas is not constitutionally required, any error committed by an attorney

---

[5] *See also United States v. Orozco–Ramirez*, 211 F.3d 862, 867 (5th Cir.2000) (finding the *In re Cain* standard "consistent with the Supreme Court's views as expressed in" *Martinez-Villareal* and *Slack*); *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (stating that we "look to pre-AEDPA abuse of the writ principles in determining whether [a] petition is successive") (citation and internal quotation marks omitted).

[6] *Shamburger v. Cockrell*, No. 01-20822, 34 F. App'x 962 (5th Cir. 2002) (unpublished) (citing *Pennsylvania v. Finley,* 481 U.S. 551, 555–56 (1987)).

in such a proceeding 'cannot be constitutionally ineffective.'"[7] *Martinez* explicitly left open the *constitutional* question "whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id.* at 1315.

Rather than establish a new rule of constitutional law, *Martinez* is an "equitable ruling" that "qualifies *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."[8] Ordinarily, the doctrine of procedural default means that "federal courts will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Id.* at 1309. Sepulvado's habeas petition argues that, under *Martinez*, the ineffective assistance of Sepulvado's post-conviction counsel establishes cause for the procedural default of two claims: (1) that one of Sepulvado's trial counsel had an actual conflict of interest that prevented him from raising a meritorious claim under *Campbell v. Louisiana*, 523 U.S. 392 (1998); and (2) that trial counsel were ineffective for failing to raise a jury-misconduct claim in a motion for new trial.

It is far from evident that either of Sepulvado's ineffective-assistance-of-trial-counsel claims is procedurally defaulted.[9] He did raise several ineffective-

---

[7] *Fairman v. Anderson*, 188 F.3d 635, 643 (5th Cir. 1999) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). *See also Martinez*, 132 S. Ct. at 1315 (referring to the "general rule that there is no constitutional right to counsel in collateral proceedings").

[8] *Martinez*, 132 S. Ct. at 1315, 1319. *See also Adams*, 679 F.3d at 322 n.6.; *Ibarra v. Thaler*, 687 F.3d 222, 224 (5th Cir. 2012) (noting that "*Martinez*, by its terms, applies only to ineffective-assistance-of-*trial*-counsel claims") (emphasis added).

[9] *See Sepulvado v. Cain,* 2003 WL 261769, at *2 (noting that Sepulvado raised eleven claims in his filing for state post-conviction relief, including ineffective assistance of counsel); *id.* at *3 (noting that Sepulvado raised the "same 11 issues" in federal court as in state court);
(continued...)

assistance-of-trial-counsel claims in his initial petition for state-court relief, which this court addressed *on the merits*. *See Sepulvado v. Cain*, 2003 WL 261769, at *3–5. Jury misconduct, however, was not among them, though it could have been raised then, thus rendering any attempt to raise it now as successive. In the opinion that we issued, we *did* discuss Sepulvado's procedurally-defaulted argument that his trial counsel was ineffective—rather than conflicted —for failing to raise the argument that Louisiana discriminated against black venire members in the selection of grand jury forepersons. *Id.* at *5–6.

In essence, Sepulvado argued that his trial counsel should have anticipated the rule of law announced by the Supreme Court in *Campbell*—six years *after* he was indicted. *Id.* at *5. In denying a COA, we concluded Sepulvado had failed to show that his trial counsel's "failure to raise such a claim in 1992 fell below the objective level of competence required by *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]," and we stated that

> [i]n the alternative, Sepulvado has not satisfied the COA standard concerning the prejudice portion [also a required showing under *Strickland v. Washington*] for "cause" *and* "prejudice". The report and recommendation, adopted by the district court, noted:
>
>> Petitioner has not attempted to articulate how the foreman selection process (in connection with a grand jury that indicts on mere probable cause found by 9 of 12 members) worked to his actual prejudice when he was convicted by a lawfully chosen petit jury of twelve persons who unanimously found him guilty beyond a reasonable doubt.
>
> Sepulvado states that, had a timely motion to quash been made, the judgment would have been reversed on appeal on that basis; and, on remand, he might have been offered a life sentence plea. He

---

[9] (...continued)
*id. at* *3-6 (discussing Sepulvado's ineffective-assistance-of-counsel claims at length but omitting any mention of either conflict of interest or jury misconduct).

offers no basis for this conclusory plea-claim.

   In the alternative, Sepulvado urges that, absent a plea on remand, a second trial would not have resulted in the death penalty. Again, he provides no support for this conclusory claim. (Along this line, Sepulvado does not make an "actual innocence" claim as an alternative to a required showing of "cause" and "prejudice".)

*Id.* at \*6.

Assuming without deciding that *Martinez* applies to conflict-of-interest claims[10] and that Sepulvado's conflict-of-interest claim is procedurally defaulted, Sepulvado's reliance on *Martinez* is still unavailing, because *Martinez* does not apply to Louisiana prisoners.  It is limited to "initial-review collateral proceedings," which it defines as "collateral proceedings which provide the *first* occasion to raise a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315 (emphasis added).  In other words, *Martinez* applies only "where the State barred the defendant from raising the claims on direct appeal." *Id.* at 1320.

In *Ibarra*, 687 F.3d at 227, we declined to extend *Martinez* to circumstances in which the state permitted a defendant to raise ineffectiveness-of-trial-counsel claims on direct appeal.  As Judge Graves explained there in his separate opinion, *Ibarra* applies here:

> Louisiana, like Texas, allows a prisoner to raise ineffective assistance of counsel on direct appeal "when the record contains sufficient evidence to decide the issue and the issue is properly raised by assignment of error on appeal." *State v. Brashears*, 811 So. 2d 985 (La. App. 5 Cir. 2002).  *See also State v. Williams*, 738 So. 2d 640, 651–52 (La. App. 5 Cir.1999)  ("Ineffective assistance of counsel claims are most appropriately addressed on application for post conviction relief, rather than on direct appeal, so as to afford the parties adequate opportunity to make a record for review.  However, when an ineffective assistance claim is properly raised by assignment of

---

[10] *See United States v. Infante*, 404 F.3d 376, 389 (5th Cir. 2005) (characterizing conflict-of-interest-claims as a species of ineffective-assistance-of-counsel claims) (quotation and citations omitted).

No. 13-30058 c/w No. 13-70004

error on direct appeal and the appellate record contains sufficient evidence to evaluate the claim, the reviewing court may address the ineffective assistance claim in the interest of judicial economy.").

*Ibarra*, 687 F.3d at 230 (Graves, J., concurring in part and dissenting in part). Therefore, because, as Judge Graves observed, "Louisiana, like Texas, allows a prisoner to raise ineffective assistance of counsel on direct appeal" in some circumstances, *id.*, *Ibarra* is an "insurmountable hurdle"[11] for Sepulvado.

In sum, *Martinez* does not provide the basis for the relief Sepulvado seeks. It does not confer a constitutional right to effective assistance of post-conviction counsel, nor does it apply to any of Sepulvado's ineffective-assistance-of-trial-counsel claims that are not procedurally defaulted. Even assuming *arguendo* that Sepulvado presents any procedurally-defaulted ineffective-assistance-of-trial-counsel claims, current circuit precedent dictates that *Martinez* does not apply to Louisiana prisoners at all.[12]

Because *Martinez* is of no moment here, Sepulvado's second-in-time habeas petition is an abuse of the writ and is therefore successive. *See In re Cain*, 137 F.3d at 235; *see also Adams*, 679 F.3d at 321–22. Because the petition is successive, the district court did not have jurisdiction to consider it in light of the fact that Sepulvado did not obtain our prior authorization pursuant to § 2244(b)(3)(A).[13]

---

[11] *Balentine v. Thaler*, No. 12–70023, 2012 U.S. App. LEXIS 17370, at *9 (5th Cir. Aug. 17, 2012) (per curiam) (unpublished).

[12] Even if *Martinez* is held to apply to Sepulvado and thus provides the basis for the filing of a second-in-time habeas petition, it allows Sepulvado to establish cause for his procedural default only if post-conviction counsel was ineffective under the standards of *Strickland*; and (2) his "underlying ineffective-assistance-of-trial-counsel claim has . . . some merit." *Martinez*, 132 S. Ct. at 1318–19. As we noted over a decade ago, the state post-conviction court characterized all of Sepulvado's ineffective-assistance-of-trial-counsel claims as "completely without a scintilla of merit." *Sepulvado v. Cain*, 2003 WL 261769, at *3.

[13] *See Adams*, 679 F.3d at 321–22 (citing *Burton v. Stewart*, 549 U.S. 147, 152 (2007)).

No. 13-30058 c/w No. 13-70004

IV.

Sepulvado has not filed in this court a motion for authorization to file a successive petition in the district court. We direct the clerk's office to notify Sepulvado that "(1) a motion pursuant to § 2244(b)(3) must be filed with the court of appeals within a specified time from the date of the clerk's notice and (2) failure to do so timely will result in the entry of an order denying authorization." *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The clerk shall also instruct Sepulvado to attach relevant documents analogous to those described in *Epps*. *Id.*

Bearing in mind the scheduled execution date, we will grant authorization only if the successive application is permitted by § 2244(b). We reiterate that, even where it applies, *Martinez* is not "a new rule of constitutional law."[14] Sepulvado's motion to appoint counsel, which we lack jurisdiction to consider, "should have been brought in this court as part of his § 2244(b)(3) petition for authorization to file a successive habeas petition in the district court." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

V.

"A stay of execution is an equitable remedy. It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts. *Hill v. McDonough*, 547 U.S. 573, 584 (2006) (citations omitted). Because we lack jurisdiction, there is no basis for a stay. *Accord Adams*, 679 F.3d at 323.

---

[14] *Adams*, 679 F.3d at 322 n.6. *See also Buenrostro v. United States*, 697 F.3d 1137, 1139–40 (9th Cir. 2012) ("*Martinez* cannot form the basis for an application for a second or successive motion because it did not announce a new rule of constitutional law.").

No. 13-30058 c/w No. 13-70004

VI.

Sepulvado did not request a COA from the district court but asserts in his brief that "[t]his court may direct issue a COA bypassing the District Court." Relying on *Williams v. United States*, 150 F.3d 639, 641 (7th Cir. 1998), Sepulvado ignores voluminous precedent from this court:

> [T]he district court did not rule upon whether a COA is warranted, and "the lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider the appeal." *Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir.1998); *see also Brewer v. Quarterman*, 475 F.3d 253, 255 (5th Cir.2006) (per curiam) ("A district court must deny the COA before a petitioner can request one from this court. A request for COA must be filed in the district court before such a request can be made in the circuit court." (internal quotation marks omitted)); *Miller v. Dretke*, 404 F.3d 908, 912 (5th Cir. 2005) ("Under Federal Rule of Appellate Procedure 22(b)(1), the district court must first decide whether to grant a COA request before one can be requested here."); *Sonnier v. Johnson*, 161 F.3d 941, 946 (5th Cir.1998) ("[T]he lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider the appeal."); *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997) ("Under *Muniz* [*v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997)], jurisdiction is not vested in this Court because the district court has not yet considered whether [a] COA should issue."); *Muniz*, 114 F.3d at 45 ("A district court must deny the COA before a petitioner can request one from this court.").

*Cardenas v. Thaler*, 651 F.3d 442, 443–44 (5th Cir. 2011) (per curiam). In *Cardenas*, moreover, we expressly distinguished *Williams*. *Id*. at 446–47.

In summary, the order of transfer is AFFIRMED. The petition for writ of habeas corpus is DISMISSED for want of jurisdiction. The amended motion to appoint counsel is DISMISSED for want of jurisdiction. The motion for stay of execution is DENIED. The request for a COA is DISMISSED.

11