**REVISED APRIL 24, 2015**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20222

United States Court of Appeals
Fifth Circuit

**FILED**

April 23, 2015

Lyle W. Cayce
Clerk

In re:  ROBERT LYNN PRUETT,

> Movant

-------------------------------------------------------------------------------------------------------------

CONSOLIDATED WITH NO. 15-70011

ROBERT LYNN PRUETT,

> Plaintiff – Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

> Respondent – Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-992

Before STEWART, Chief Judge, and JOLLY and SMITH, Circuit Judges.

No. 15-20222

PER CURIAM:*

Robert Lynn Pruett was sentenced to death for capital murder in Texas and is scheduled to be executed on April 28, 2015. On April 17, 2015, he filed in the district court a complaint under 42 U.S.C. § 1983, requesting a stay of execution and a declaratory judgment that his execution would violate the Eighth and Fourteenth Amendments because the State's negligent handling of physical evidence made it impossible for him to prove his innocence. The district court held that it lacked jurisdiction because Pruett's complaint is an unauthorized successive habeas petition. The district court transferred the complaint to this court. The transferred complaint is on our docket as No. 15-20222.

On April 21, Pruett filed a Notice of Appeal from the district court's transfer order. That appeal is our case No. 15-70011. Pruett has not moved for authorization to file a successive habeas petition to assert the claim he raises in the § 1983 complaint. Instead, he contends that authorization is unnecessary because the district court erred in concluding that his complaint is a successive habeas petition and transferring the complaint to this Court. He also requests a certificate of appealability (COA). We agree with the district court that the complaint is indeed a successive habeas petition. We therefore AFFIRM the order of transfer, DISMISS the unauthorized successive habeas petition, DENY the motion for stay of execution, and DISMISS the request for a COA. We also direct the clerk of this Court to notify Pruett that, should he wish to file a successive petition for writ of habeas corpus, a motion for authorization must be filed with this Court pursuant to 28 U.S.C. § 2244(b)(3).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20222

I.

In 2002, Pruett was sentenced to death for the murder of Texas Department of Criminal Justice Correctional Officer Daniel Nagle, which he committed while serving a life sentence for a prior murder.  The State argued that Pruett's motive for the murder was that he was upset because Officer Nagle had written a disciplinary report for Pruett's having food in an area of the prison where food was not permitted.  Torn pieces of the disciplinary report were found near Officer Nagle's body after the murder.  At trial, Pruett testified that Officer Nagle tore up the report in his presence and that he (Pruett) then walked away, leaving Officer Nagle alive and well.  Blood found on the disciplinary report was tested for DNA and found to have come from Officer Nagle.  No other DNA profiles were developed at that time and there was no physical evidence connecting Pruett to the murder.

The Texas Court of Criminal Appeals (TCCA) affirmed Pruett's conviction and sentence on direct appeal.  *Pruett v. State*, No. 74,370, 2004 WL 3093232 (Tex. Crim. App. 2004).  The TCCA denied Pruett's first state habeas application in 2005.  *Ex parte Pruett*, 207 S.W.3d 767 (Tex. Crim. App. Oct. 19, 2005).

In 2010, the district court denied Pruett's first federal habeas petition but granted a certificate of appealability for two issues.  *Pruett v. Thaler*, No. C-06-CA-465-H (S.D. Tex., Aug. 12, 2010).  This Court affirmed the district court's denial of relief and denied Pruett's request to expand the grant of a COA.  *Pruett v. Thaler*, 455 F. App'x 478, 487, 490-91 (5th Cir. 2011), *cert. denied*, 133 S. Ct. 141 (2012).

On May 9, 2013, Pruett filed in state court a motion for DNA testing in which he alleged that techniques not available at the time of trial were available to develop a DNA profile from epithelial cells on the disciplinary report.  The State sent the evidence to the University of North Texas Center

No. 15-20222

for Human Identification (UNTCHI) for collection and analysis of DNA. On July 9, 2013, UNTCHI reported that its testing had been inconclusive. At Pruett's request, the trial court appointed an expert, whose review revealed that the 12 allele was present in an amount above the analytical threshold at the D13 locus. Because the DNA profiles of both Nagle and Pruett contain the 12 allele at the D13 locus, neither of them could be eliminated as being a possible source of the DNA on the disciplinary report. Because the 12 allele is present at the D13 locus in the DNA profiles of approximately 20% of the Asian and Hispanic populations, 30% of the Caucasian population, and 40% of the African American population, approximately one-third of the population at the prison where Nagle was murdered could not be excluded as contributing the DNA present on the torn disciplinary report.

The state trial court concluded that the DNA evidence was not exculpatory, and the TCCA affirmed. *Pruett v. State*, No. AP-77,037, 2014 WL 5422573 (Tex. Crim. App. Oct. 22, 2014). The Supreme Court denied Pruett's petition for a writ of certiorari. *Pruett v. Texas*, No. 14-8097, 2015 WL 302598 (U.S. Mar. 30, 2015).

## II.

In his complaint filed pursuant to § 1983, Pruett alleged that the DNA testing conducted in 2013 was incapable of developing a complete DNA profile because the State negligently failed properly to preserve the pieces of the disciplinary report. He sought a declaratory judgment that it would violate the Eighth and Fourteenth Amendments if the State were allowed to execute him when its failure to properly preserve the evidence prevented him from establishing his actual innocence. The district court held that Pruett's claim sounded in habeas corpus and not civil rights, because he sought an order preventing the State from carrying out his sentence.

No. 15-20222

We have appellate jurisdiction to hear Pruett's appeal from the district court's transfer order. *See Sepulvado v. Cain*, 707 F.3d 550, 552 (5th Cir. 2013).

When "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," § 1983 is not an available remedy. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "But if . . . the plaintiff's action, even if successful, will *not* demonstrate the invalidity of [his conviction or sentence], the [§ 1983] action should be allowed to proceed. . . ." *Id.* In *Skinner v. Switzer*, 131 S. Ct. 1289 (2011), the Supreme Court held that a judgment in favor of the plaintiff in his § 1983 suit for an order requiring DNA testing "would not 'necessarily imply' the invalidity of his conviction" because the results might prove exculpatory, inconclusive, or might further incriminate the prisoner. *Id.* at 1298.

In concluding that it lacked jurisdiction, the district court held that Pruett's complaint was not properly brought under § 1983 because a judgment granting the relief he sought would necessarily imply the invalidity of his sentence. Relying on *Skinner*, Pruett argues that his complaint is properly brought under § 1983 because he challenges neither his conviction nor sentence, but only the State's authority to carry out an execution at this time. He asserts that a ruling in his favor would not invalidate his sentence, but would only be a finding that the Eighth Amendment will not allow his execution to proceed at this time because the State's failure to properly preserve evidence is presently preventing him from challenging his conviction. He maintains that when the DNA technology develops in such a manner as to permit him to demonstrate his actual innocence notwithstanding the State's negligent handling of the physical evidence, he will, at that time, be permitted to attack the legality of his conviction in a habeas application. Pruett does not provide any evidence that such technology is likely to develop or, if so, when. In fact, he admits that it is unknown whether it will ever be possible to

generate a DNA profile from the torn pieces of the disciplinary report.  Thus, he is essentially asking for an indefinite stay of execution based on nothing but speculation.

Unlike Skinner, who sought DNA testing, Pruett has already had DNA testing performed using the most current technology presently available.  He seeks "[a] declaratory judgment that [his] execution would be in violation of the Eighth and Fourteenth Amendments because the State's negligently handling the evidence made it impossible for Pruett to prove his innocence."  We agree with the district court that this is a direct challenge to the validity of his sentence and, therefore, cannot be maintained under § 1983.  Because Pruett has already unsuccessfully challenged his conviction and sentence in an earlier federal habeas proceeding, his current complaint is successive.  Accordingly, the district court correctly determined that it did not have jurisdiction to consider it in the light of the fact that Pruett did not obtain our prior authorization pursuant to § 2244(b)(3).

Pruett has not filed in this Court a motion for authorization to file a successive habeas petition to assert the claim he raised in the transferred complaint.  In such situations, we have directed the clerk's office to notify the petitioner that "(1) a motion pursuant to § 2244(b)(3) must be filed with the court of appeals within a specified time from the date of the clerk's notice and (2) failure to do so timely will result in the entry of an order denying authorization." *Sepulvado*, 707 F.3d at 556 (quoting *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)).

## III.

For the foregoing reasons, the order of transfer is AFFIRMED.  The petition for writ of habeas corpus is DISMISSED for want of jurisdiction.  Because we lack jurisdiction to consider the successive habeas petition, there

No. 15-20222

is no basis for a stay, and the motion for stay of execution is DENIED. The request for a COA is DISMISSED. *See Sepulvado*, 707 F.3d at 557.