**UNITED STATES of America, Plaintiff–Appellee**

v.

**Fairade DORSEY, Defendant–Appellant.**

**No. 15–10007**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 7, 2015.

Fairade Dorsey, Sandstone, MN, pro se.

Before JOLLY, WIENER, and COSTA, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Fairade Dorsey, federal prisoner # 42418–177, is serving a 120–month prison sentence for possession of a firearm by a convicted felon. He appeals the district court's denial of a mo-

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tion for relief from judgment under Federal Rule of Civil Procedure 60(b).

As the district court explained, the Federal Rules of Civil Procedure do not govern criminal proceedings. *See* FED. R.CIV.P. 1; FED.R.CIV.P. 81. Moreover, a Rule 60(b) motion does not empower a district court to correct or modify a criminal sentence because the court's authority to do so "is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b)." *United States v. Bridges,* 116 F.3d 1110, 1112 (5th Cir. 1997). To the extent that Dorsey intended his motion to attack the judgment denying postconviction relief, the claims he raises are unauthorized and successive. *See Gonzalez v. Crosby,* 545 U.S. 524, 531–32 & nn. 4, 5, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); *In re Sepulvado,* 707 F.3d 550, 556 (5th Cir.2013). Dorsey's motion was a "meaningless, unauthorized motion" that the district court was without jurisdiction to consider. *United States v. Early,* 27 F.3d 140, 142 (5th Cir.1994). The judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.