VACATED and REMANDED.

In re Andre Leroy GARRETT, Movant.

Andre Leroy Garrett, Petitioner–Appellant

v.

William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent–Appellee.

Nos. 15–10747, 15–10811.

United States Court of Appeals, Fifth Circuit.

Feb. 11, 2016.

Andre Leroy Garrett, pro se.

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM: *

Andre Leroy Garrett, Texas prisoner # 829874, was convicted of aggravated sexual assault and sentenced to 35 years of imprisonment. Garrett moves for a certificate of appealability (COA) seeking to appeal the district court's decision to transfer his postconviction application to this court based on its determination that the application amounted to an unauthorized successive 28 U.S.C. § 2254 application. Garrett has also moved this court for authorization to file a § 2254 application, seeking to raise claims that (1) counsel was ineffective in light of *Trevino v. Thaler,* — U.S. —, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013); (2) he was denied the right to file a pro se direct appeal; (3) he was denied a full and fair appeal; (4) his appellate counsel was ineffective because he failed to raise many constitutional claims; (5) his trial counsel was ineffective because he did not determine Garrett's competency before trial and because he failed to file certain motions; and (6) there were numerous other trial errors.

A prisoner need not obtain a COA to appeal a district court's transfer order. *United States v. Fulton,* 780 F.3d 683 (5th Cir.2015), *cert. denied,* — U.S. —, 136 S.Ct. 431, 193 L.Ed.2d 335 (2015). Accordingly, we address the merits of Garrett's argument that the district court erroneously transferred the application to this court. A prisoner seeking to file a second or successive § 2254 application in the district court must first receive authorization from this court. 28 U.S.C. § 2244(b)(3)(A). A district court lacks jurisdiction to consider a successive application if the prisoner has not received this court's authorization to file it. *Crone v. Cockrell,* 324 F.3d 833, 836 (5th Cir.2003).

Garrett argues that his application is not successive because his first application was dismissed as untimely and his claims were not adjudicated on the merits. This argument lacks merit as we have treated as successive a § 2254 application containing claims the applicant raised or could have raised in his first § 2254 application that had been dismissed as untimely. *In re Flowers,* 595 F.3d 204, 205 (5th Cir.2009). Because Garrett's claims were or could have been raised in his first application, his current application is successive. *See Leal Garcia v. Quarterman,* 573 F.3d 214, 220 (5th Cir.2009). Accordingly, the district properly determined that it lacked jurisdiction over Garrett's unauthorized successive § 2254 application and did not err in transferring it to this court. *See Fulton,* 780 F.3d at 685–86.

To the extent that Garrett seeks authorization to file a successive application, he has not made a prima facie showing that his claim based on *Trevino* meets the requirements of § 2244(b)(2)(A). The rule in *Trevino* is an application of the rule set forth in *Martinez v. Ryan,* — U.S. —, 132 S.Ct. 1309, 1320, 182 L.Ed.2d 272 (2012), which is an equitable ruling and not a new rule of constitutional law. *In re Sepulvado,* 707 F.3d 550, 554 (5th Cir. 2013). Garrett therefore may not obtain authorization to file a successive habeas application on the basis of *Trevino. See* § 2244(b)(2)(A).

Further, Garrett has not identified any claims that are based on a new factual predicate that could not have been discovered previously through the exercise of due diligence and that, if proved, would establish that no reasonable factfinder could have found him guilty absent consti-

tutional error. *See* § 2244(b)(2)(B). Therefore, Garrett has not made the required prima facie showing necessary to receive authorization to file a successive § 2254 application.

Garrett's motion for a COA is DENIED as UNNECESSARY. His motion for authorization and all other motions are DENIED. The district court's transfer order is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.