# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10178

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TONY ALVAREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:14-CV-77
USDC No. 5:12-CR-40-1

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:*

Tony Alvarez, federal prisoner # 44485-177, moves for a certificate of appealability (COA) and to proceed in forma pauperis (IFP) to appeal the district court's denial of his Federal Rule of Civil Procedure 60(b) motion for reconsideration of the judgment dismissing his 28 U.S.C. § 2255 motion challenging his conviction for child pornography. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10178

The district court did not determine whether a COA should issue from the denial of the Rule 60(b) motion. We lack jurisdiction over the present appeal without such a ruling. *See Sonnier v. Johnson*, 161 F.3d 941, 945-46 (5th Cir. 1998); *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997). However, we decline to remand this case to the district court for a COA ruling in light of the patent frivolity of the appeal. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). The appeal is frivolous because the Rule 60(b) motion, which was not meaningfully directed to the district court's procedural ruling, was a successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005); *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013). Thus, the district court did not have jurisdiction to consider the motion without authorization from this court, which was neither sought nor given. *See In re Sepulvado*, 707 F.3d 550, 556 (5th Cir. 2013).

The appeal is DISMISSED for lack of jurisdiction, and Alvarez's motions for a COA and for IFP are DENIED AS MOOT.