# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 18, 2017

Lyle W. Cayce
Clerk

No. 16-30152
Summary Calendar

DAVID PATTERSON,

Petitioner-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-1397

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

In 1984, a jury convicted David Patterson, Louisiana prisoner # 105235, of second degree murder, and he was sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. Prior to the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), Patterson filed two 28 U.S.C. § 2254 applications. Patterson's first § 2254 application was rejected on the merits, and his second was dismissed as an abuse of the writ.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30152

Following the enactment of the AEDPA, Patterson filed three § 2254 applications that the district court construed as unauthorized successive § 2254 applications and transferred to this court.  We denied Patterson authorization to file successive § 2254 applications.  Patterson has also filed with this court two motions for authorization, which were also denied. Patterson subsequently filed in the district court two Federal Rule of Civil Procedure 60(b) motions challenging the denials of his § 2254 applications filed between 1994 and 2007.  The district court construed the motions, in part, as an unauthorized successive § 2254 application and transferred it to this court. Patterson appeals the district court's transfer order.

Patterson contends that, because *State v. Cordero,* 993 So. 2d 203, 204 (La. 2008), invalidated the state court judgments underlying his prior § 2254 applications, the judgments denying those § 2254 applications should be set aside under Rule 60(b)(5).  He argues that, because his motions attacked a procedural defect in the district court's handling of his prior habeas proceedings rather than a merits determination, they were true Rule 60(b) motions.  He therefore argues that the district court erred by construing his motions as an unauthorized successive § 2254 application.

The district court's transfer order is an appealable collateral order over which this court has jurisdiction.  *See In re Bradford*, 660 F.3d 226, 228-29 (5th Cir. 2011); *see also United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015). When postjudgment motions are filed concerning the denial of a § 2254 application, a court must determine whether the movant is seeking to file a second or successive § 2254 application.  *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005).  A Rule 60(b) motion that raises new substantive claims or attacks the district court's merits-based resolution of prior § 2254 claims should be construed as a successive § 2254 application.  *Id*. at 532 & n.4.  If a Rule 60(b)

2

No. 16-30152

motion is truly a successive § 2254 application, a district court lacks jurisdiction to consider it absent authorization from this court.  *See In re Sepulvado*, 707 F.3d 550, 556 (5th Cir. 2013).

Here, the district court implicitly construed Patterson's motions, in part, as true Rule 60(b) motions and denied them on the merits.  The district court's implicit consideration of Patterson's motions as true Rule 60(b) motions undermines his arguments on appeal.  Patterson offers no meaningful argument against the district court's basis for determining that the motions were, in part, successive.  Accordingly, the district court's ruling is AFFIRMED.