ON SUPERVISORY WRITS TO THE THIRD JUDICIAL DISTRICT COURT, PARISH OF LINCOLN
PER CURIAM:
| denied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189. We attach hereto and make a part hereof the district court’s written reasons denying relief.
Relator has now fully litigated two applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of *711 the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Attachment
INSTATE OF LOUISIANA PARISH OF LINCOLN THIRD DISTRICT COURT
STATE OF LOUISIANA Versus CALVIN JAMES HEGGAR
No. 50,784
FILED: OCT 02 2015
Division A
/s/ DEPUTY CLERK OF COURT
RULING
Petitioner, Calvin James Heggar, filed an Application for Post Conviction Relief on January 17, 2014.[1] Petitioner was found guilty of second degree murder on March 26, 2004 and he was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on May 24, 2004. Petitioner’s conviction and sentence was affirmed by the Second Circuit Court of Appeal on August 17, 2005. See State v. Heggar, 39,915 (La. App. 2 Cir. 2005), 908 So.2d 1245, 1250.
In this Application, Petitioner cites Martinez v. Ryan, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) in support of the timeliness of his various claims. However, the Court notes that “Martinez is not ‘a new rule of constitutional law’ ” and it does not confer a constitutional right to effective assistance of post-conviction counsel. See In re Sepulvado, 707 F.3d 550, 556-557 (5th Cir. 2013).
Petitioner has previously filed an Application for Post Conviction Relief. Therefore, the Court notes that this Application is successive. Some of Petitioner’s claims are repetitive, as they have been raised on appeal or in prior Applications. Petitioner’s Application is also not timely. Petitioner has not met any of the exceptions to the time limitations that are provided in La. R.S. 930.8. Therefore, Petitioner’s Application is procedurally DENIED, as it is successive, repetitive and not timely.
IT IS ORDERED that the Clerk of Court notify the Office of the District Attorney, the Petitioner and Petitioner’s Custodian by certified copy of this Ruling.
IT IS FURTHER ORDERED that the Clerk of Court provide a copy of Petitioner’s Application to the Office of the District Attorney, if not previously furnished.
THUS DONE and SIGNED this 30 day of September, 2015, in chambers at Ru-sten, Lincoln Parish, Louisiana.
/s/ JUDGE JAY B. MCCALLUM THIRD JUDICIAL DISTRICT COURT

. The Court has no record of receiving such Application. Petitioner sent correspondence to the Clerk inquiring as to the status of this Application in September of 2015 and the Court became aware of the Application at that time.